

**SIGNED this 02 day of April, 2008.**

_____
**JOHN T. LANEY, III**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ELL 11, LLC. | : | CASE NO. 07-60089 JTL |
| | : | CHAPTER 11 |
|      Debtor. | : | |

**Memorandum Opinion**

On March 13, 2008 the Court held a hearing on confirmation

of ELL 11, LLC d/b/a Thomasville Honda's ("Thomasville Honda")

Chapter 11 plan, at which time JP Morgan Chase Bank's ("Chase")

objection to confirmation was heard. At the conclusion of the

hearing, the Court overruled Chase's objection, but gave the interested parties an opportunity to file letter briefs in support of their positions. On March 18, 2008, Chase filed a letter brief supporting its objection to confirmation of the plan. On March 24, 2008, Thomasville Honda filed a reply letter brief.

The Court has considered the pleadings, both parties' oral and written arguments, and the applicable statutory and case law. This court will follow the reasoning set forth in In re Charter Co., 92. B.R. 510 (M.D. Fl 1998), and accordingly this court reaffirms its decision to overrule the objection to confirmation at the March 13, 2008 hearing.

### Background and Procedural History

On May 11, 2007, Chase filed its Motion to Pay Attorney's Fees pursuant to 11 U.S.C. § 506(b) ("Chase Motion"), and filed a supplement to the motion on June 4, 2007. On June 4, 2007, Debtor filed an objection to the Chase Motion. On June 6, 2007, the Court held a hearing on the Chase Motion, and consistent with the ruling from the bench, on June 15, 2007, the court entered an order denying the Chase Motion.

On June 28, 2007, Chase filed its Motion to Amend Findings of Fact Pursuant to Fed R. Bankr. P. 7052 Related to the Court's Order Denying Chase's Motion for Attorney's Fees Pursuant to 11 U.S.C. § 506(b) ("Motion to Amend") in which Chase attempted to

2

introduce additional evidence relating to its motion for
attorney's fees. On July 3, 2007, Debtor filed an objection to
Chase's Motion to Amend. On July 18, 2007, the Court held a
hearing on the Motion to Amend, and on the same date entered an
order denying Chase's Motion to Amend.

On July 27, 2007, Chase filed a notice of appeal initiating
an appeal for both the order denying the Chase motion, and the
order denying the Motion to Amend. No stay pending appeal was
sought.

Chase contends that it is a party in interest, and as such,
has standing under 11 U.S.C § 1128(b) to object to confirmation
of the plan. Therefore, Chase wishes the Court to sustain Chase's
objection and deny confirmation of the plan.

Conclusions of Law

At Chase's urging, the Court has reviewed the cases set
forth in the letter brief of March 18, 2008. The first case Chase
relies on for the proposition that Chase has standing is In re
Armstrong 303 B.R. 213 (B.A.P. 10th Cir. 2004). However,
Armstrong discusses, among other things, a trustee's standing to
file a motion to dismiss a case for violation of a confirmation
order and bad faith. Id. at 216. Further, the court in Armstrong
determined that the objecting parties had potential claims that
would be addressed in the Chapter 13 case. Id. at 219. Therefore,
the Court agrees with Debtor that Armstrong differs from the

3

instant case both procedurally and factually.

The other case that Chase relies on, In re Harbin, 486 F.3d 510 (9th Cir 2007), holds that a court, in determining the feasibility of a Chapter 11 plan, must evaluate the possible effect of Debtor's state court litigation with a potential claimant. In Harbin, after the plan was confirmed but before the appeal of the confirmation was heard, the claimant won a state court appeal which reinstated the claim. Id. at 516. Therefore, the court in Harbin concluded on appeal that the plan was not feasible. However, the court did not hold that any ongoing litigation defeats the feasibility of a plan; only that a court must exercise discretion in evaluating feasibility in light of such claims. Id. at 519.

This Court has already ruled that Chase's claims are disallowed, and therefore determined at that time that the claims were not likely to be successful on appeal. While the court considered the presence of ongoing litigation, it is not bound to deem the plan unfeasible merely because of the presence of ongoing litigation between a debtor and a claimant.

Turning to the Debtor's cases, in In re Charter Co., 92. B.R. 510 (M.D. Fl 1998), the court held that disallowance of a class claim removed their status as a party in interest. This Court is persuaded by the reasoning set forth in Charter, that when a party's claim is denied, they are no longer a party in

4

interest that may object to confirmation of a plan.

Here, the Court entered an order denying Chase's Motion for Attorney's Fees. Based on that denial, Chase holds no claim against the estate. This means Chase has no direct pecuniary interest in the confirmation of Debtor's plan, and is not a "party in interest" which may object to the confirmation of a plan under 11 U.S.C. § 1128(b). Chase's Objection to Confirmation will be overruled. An order will be entered to that effect.